# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re:   Brian LaFrance,              ) | |
|            Abbey LaFrance,           ) | |
|                                                  ) | Chapter 13 |
|            Debtors                         ) | Case No. 14-20485 |
|                                                  ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER PARTIALLY SUSTAINING OBJECTION TO MOTION TO ALLOW AND DISALLOW CLAIMS

This matter came before me on debtors Brian and Abbey LeFrance's (the "Debtors") motion to allow and disallow claims (Docket Entry ("DE") 77) (the "Motion"). All objections to the Motion were resolved except that of Robert W. Michaud (DE 78). A hearing on this matter was held on January 20, 2016. For the reasons indicated below, the Mr. Michaud's objection is **SUSTAINED**, in part.

In October 2013, prior to the Debtors' bankruptcy, Mr. Michaud obtained judgment in the Maine District Court against Mr. LaFrance in the amount of $1,320, plus costs of $110, for unpaid wages resulting from work Mr. Michaud performed for Mr. LaFrance in July of 2013. Mr. LaFrance did not appeal the judgment. In June of 2014, the Debtors filed for bankruptcy protection. Subsequently, Mr. Michaud filed a timely proof of claim (Claim 13-1), alleging that he had a priority claim of $2,070 against Mr. LaFrance based upon 11 U.S.C. § 507 (a)(4). In addition to the $1,420 awarded by the state court, Mr. Michaud also included sheriff fees of $104.70 relating to a disclosure proceeding in state court, mileage reimbursement to attend hearings, and compensation for the time he spent trying to collect his judgment from Mr. LaFrance. The Debtors challenged the priority status of the claim and the Motion proposed to allow it as a non-

priority, unsecured claim in the amount of $1,430, the amount of the state court judgment. Mr. Michaud objected to this treatment of his claim.

The two questions before me are as follows: (1) is Mr. Michaud's claim entitled to priority treatment under 11 U.S.C. § 507(a)(4)[1] and, (2) what is the proper amount of his claim?

The first question is answered by looking to the Code, which requires priority treatment for up to $10,000 of wages "earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first". § 507(a)(4)(A). Based upon the uncontroverted evidence presented to me in the parties' papers and at the January 20th hearing, I have determined that the Debtors met their burden of challenging Mr. Michaud's claim, and as a result, the responsibility shifted to him to establish that he was entitled to a priority claim of $2,070. *See*, *In re Tracey*, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008). In this instance, Mr. Michaud was unable to show that his debt was a priority claim because his wages were earned in July of 2013, more than 180 days prior to the bankruptcy, and no evidence was presented to show that Mr. LaFrance's business ceased to operate within 180 days of Mr. Michaud's last day of work for him.

As to the claim amount, Maine law determines how much Mr. Michaud was due as of the filing of this bankruptcy case. *See, Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 452 (2007) ("Consistent with our prior statements regarding creditors' entitlements in bankruptcy, *see*, *e.g.*, *Raleigh*, supra, at 20, 120 S.Ct. 1951, we generally presume that claims enforceable under applicable state law will be allowed in

---

[1] Unless otherwise noted, all citations to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, (the "Code"), 11 U.S.C. §101 et seq.

bankruptcy unless they are expressly disallowed.")  Mr. Michaud obtained his judgment of $1,420 on October 10, 2013.  In addition to this amount, Maine law allows Mr. Michaud to collect interest at the rate of 6.27 % per annum for the period starting on the October 10, 2013 judgment date and ending on the bankruptcy filing date, which amounts to an additional $63.33.[2]  He is also entitled to recover the pre-bankruptcy sheriff fees of $104.70 relating to the state court disclosure hearing.  14 M.R.S.A. § 3126.  To the extent Mr. Michaud's claim attempts to collect more than the judgment, interest and sheriff fees, it is disallowed. Thus, the appropriate amount of the claim is $1,588.03.[3]

Therefore, it is **ORDERED** that within 7 days of the entry of this order, the Debtors shall submit a revised Order Allowing and Disallowing Claims and Modifying Plan that shall provide Mr. Michaud with an unsecured, non-priority claim in the amount of $1,588.03.

Dated: February 3, 2016                              /s/ Peter G. Cary
                                                        Hon. Peter G. Cary
                                                        Judge, U.S. Bankruptcy Court
                                                        District of Maine

---

[2]  14 M.R.S.A. sec. 1602-C (1)(B)(1) provides that "[I]n all civil and small claims actions, post-judgment interest is allowed at a rate equal to: . . . the one-year United States Treasury bill rate plus 6%.  (1) For purposes of this paragraph, "one-year United States Treasury bill rate" means the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue."   The weekly average of the one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of 2014 (which was the last week of the calendar year immediately prior to the October 2013 judgment) was 0.27%. **http://www.federalreserve.gov/releases/h15/data.htm.**

[3]  Although Mr. Michaud's claim amount is higher than that proposed by the Debtors, given the low percentage of plan payments to be paid to the unsecured creditors in this case, the actual total payout to Mr. Michaud will, unfortunately for him but as permitted in a Chapter 13 case, still be a small portion of his claim amount.